Manly, J.
 

 The instructions asked for were properly refused. There was evidence to satisfy the jury i-hat the homicide was inflicted by gun-shot wounds, and by the hands of
 
 Jim,
 
 the son of Clara. Assuming that load and gun-caps were-furnished by the directions of Clara, there is a purpose for furnishing them disclosed by the use immediately made of such articles by Jim. There was no evidence that he used, such ammunition for any other purpose, and the instruction asked for, therefore, had no basis to rest upon in the proofs. It involved an unsupported assumption of fact.
 

 There are possibilities different from the inference intended to be drawn, which surround every evidentiary fact in a cause; but for a Judge to note one such possibility, and specially call it to the attention of the jury, would be giving it weight to which it is not entitled, and inviting the jury to draw from the fields of conjecture the material for making up a verdict.
 

 The instruction asked for in any sense which may be ascribed to it was hypothetical, and therefore improper; but if the language in which the prayer is couched be considered, another objection to the specific prayer will be apparent. Interpreting the language used, viz-: <cu>pon
 
 this evidence
 
 the jury would not be warranted in convicting Clarato mean not only the evidence assumed, and noted in the hypothesis, but also all other facts in the cause, bearing upon her guilt, it is clear the instruction ought not to have been given. There was other evidence besides Clara’s agency in procuring amunition, and i'f that had been
 
 eliminated
 
 from the proofs
 
 altogether,
 
 there was still evidence upon which the jury ought to have been permitted to pass. Had the Judge, therefore, given the instruction asked, he would have superseded the jury in
 
 *28
 
 their proper province — a province made exclusively their own by the legislation of the State. Rev. Code, ch. 31, sec. 130.
 

 Upon the whole, the instruction asked for ought not to have been given; and the entire record being considered by us, we are of opinion there is no error in the -same.
 

 Per Curiam,
 

 Judgment affirmed.